UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JHOAN ENRIQUE RODRIGUEZ MARCANO,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, et al.,<br>Respondents. | Case No. 2:26-cv-03214-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioner Jhoan Enrique Rodriguez Marcano is a Venezuelan citizen who entered the United States without inspection on December 21, 2023 and was detained by Customs and Border Protection officers shortly thereafter. Dkt. 1 ¶ 16; Dkt. 5 ¶ 3. Two days later, he was issued a Notice to Appear and released on his own recognizance. Dkts. 6-1, 6-2. As a condition of release, his order of release on recognizance ("OREC") required him to appear for check-ins with immigration officials "as indicated on the attached OREC G-56." Dkt. 6-2 at 2. Petitioner's G-56 form is not included in the record before this Court.

On July 26, 2026, Immigration and Customs Enforcement ("ICE") officers apprehended and detained Petitioner while conducting immigration enforcement in a Walmart parking lot.

Dkt. 1 ¶ 16; Dkt. 5 ¶ 5; Dkt. 6-3 at 3. The ICE officers conducting the arrest "identified Petitioner as not having ever reported to, or communicated with, ICE in violation of his OREC." Dkt. 5 ¶ 5; *see* Dkt. 6-3 at 4. ICE revoked Petitioner's OREC and transferred him to the Northwest ICE Processing Center, where he remains detained. Dkt. 1 ¶¶ 50, 54; Dkt. 5 ¶¶ 5, 8.

On September 8, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that his detention violates the Immigration and Nationality Act ("INA") and his constitutional rights. Dkt. 1. On September 23, Federal Respondents filed a return, arguing in part that Petitioner's detention was lawful because he had failed to comply with the reporting requirements of his OREC. Dkt. 4 at 9–11. Five days later, Petitioner filed a traverse noting that Federal Respondents had neither submitted a copy of his G-56 nor identified any specific requirements that he had failed to meet. Dkt. 9 at 2. The Court then ordered Federal Respondents to provide documentation, such as the G-56 or other notices, that could shed light on Petitioner's compliance with his reporting requirements. Dkt. 10. On November 2, Federal Respondents responded to the Court's order and stated that they were unable to locate any such documents. Dkt. 11.

The habeas petition is now ripe for the Court's review. Because the revocation of Petitioner's OREC violated his due process rights, the Court GRANTS the petition.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

The parties dispute which provision of the INA governs Petitioner's detention. Petitioner argues that he is subject to the discretionary detention regime of 8 U.S.C. § 1226(a), Dkt. 1 ¶¶ 21–41, while Federal Respondents assert that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), Dkt. 4 at 4–7. This Court has explained that the government's treatment of a petitioner over the course of their removal proceedings is especially relevant in determining the applicable detention authority. *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, *5 (W.D. Wash. Nov. 26, 2025). Where, as here, a petitioner was released on an OREC after initial detention, he is then subject to § 1226(a) if re-detained, absent changed circumstances justifying detention under a different statute. *Id.* at 7 (citing *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007)). The Court therefore agrees with Petitioner that he is subject to discretionary detention.

Petitioner next contends that ICE's decision to re-detain him in July 2026 without notice or a pre-deprivation hearing violated his due process rights, warranting his immediate release from federal immigration custody. Dkt. 1 ¶¶ 42–48, 66. Federal Respondents counter that Petitioner's alleged reporting violations justify his re-detention. Dkt. 4 ¶¶ 7–11.

Both parties analyze the legality of Petitioner's detention through the three-factor test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Dkt. 1 ¶ 42; Dkt. 4 at 8–11; Dkt. 9 at 7–9. The principles of *Mathews* and procedural due process as applied to noncitizens living in the community under bonds or orders of supervision have been repeatedly established by the courts of this District. *See generally, e.g.*, *E.A.T.B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130 (W.D. Wash. 2025); *Kumar v. Wamsley*, 2:25-cv-01772-JHC-BAT, 2025 WL 2677089 (W.D. Wash. Sept. 17. 2025). This Court will not retread that ground in every case, such as this one, that arises from Respondents'

repeated, ongoing detention of noncitizens in violation of those principles. *See, e.g.*, *Lima Gamez v. Hernandez*, No. 2:26-cv-01104-BAT, 2026 WL 1382362, at *7 (W.D. Wash. May 18, 2026) ("Respondents have given no indication that they intend to stop indiscriminately re-detaining previously released persons without prior notice and opportunity to be heard, despite the voluminous caselaw in this district repeatedly declaring such arrests unlawful."); *Ortiz v. Hermosillo*, No. 2:26-cv-00384-TL, 2026 WL 607672, at *5 (W.D. Wash. Mar. 4, 2026) ("Respondents have been on notice in this District since at least August 19, 2025" yet "continue[] to re-detain petitioners in this District without due process."). Instead, the Court will focus on whether anything in the record here distinguishes this petition from this District's body of cases on procedural due process.

Here, there are no such distinguishing facts. Federal Respondents repeatedly rely on Petitioner's decision to "ignore[]" the terms of his OREC, *see* Dkt. 4 at 7–11, but by their own admission, they are unable to produce any evidence identifying those requirements or any specific instances in which Petitioner broke them. There is no dispute that ICE re-detained Petitioner without any notice or pre-deprivation hearing, and no justification for that re-detention beyond a vague assertion that he had failed to follow unspecified conditions of release. *See* Dkt. 5 ¶ 5; Dkt. 6-3 at 4. The Court thus concludes that the circumstances of Petitioner's arrest are largely indistinguishable from the many due process cases decided in this District that have ordered release. *See, e.g.*, *Ramirez Tesara*, 800 F. Supp. 3d at 1137. The government's decision to re-detain Petitioner without notice or hearing violated his right to procedural due process. The Court therefore GRANTS the habeas petition and ORDERS Respondents to release Petitioner within 24 hours of this order.[1]

[1] Because the Court orders release on these grounds, the Court does not consider Petitioner's argument that his arrest and detention violated the Fourth Amendment. *See* Dkt. 1 ¶ 64.

## IV. CONCLUSION

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within 24 hours of this Order, Respondents must RELEASE Petitioner Jhoan Enrique Rodriguez Marcano subject to the terms of his initial OREC.

3. Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and the parties are encouraged to confer before filing a petition.

Dated this 3rd day of November, 2026.

Tiffany M. Cartwright
United States District Judge